IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| DUSTIN HELLARD,<br><br>               Plaintiff,<br><br>vs.<br><br>MID CENTURY INS. CO., et al.,<br><br>               Defendant. | Case No. 19-CV-43-GKF-FHM |

## OPINION AND ORDER

Defendant Mid-Century Insurance Company's Motion to Quash Subpoena for Deposition of Corporate Representative, [Dkt. 88], has been fully briefed, [Dkt. 88, 97/101, 105], and is ripe for decision.

Plaintiff served a 30(b)(6) deposition subpoena on Defendant listing eight broad matters for examination. However, in his response Plaintiff recites that he is only seeking limited testimony about Defendant's financial condition and employee incentive structure. [Dkt. 97. p.4]. The court will accept Plaintiff's construction of his own subpoena and limit its discussion to those two matters of examination. The motion quash is granted as to all other matters.

### Defendant's Financial Condition

Defendant correctly asserts that case law establishes that to the extent that Defendant's financial condition is relevant to a punitive damages claim, the inquiry is limited to Defendant's current net worth, as disclosed on a balance sheet. [Dkt. 88, p. 5]. *See EEOC v. Unit Drilling Co.*, 2014 WL 11532289 at * 1 (N.D. Okla.) (limiting financial disclosure to balance sheet showing net worth) *Toussaint-Hill v. Montereau in Warren Woods*, 2007 WL 3231720 (N.D. Okla.). Further, Plaintiff has offered to accept a

stipulation as to Defendant's net worth. [97, p. 5]. The court finds that this matter is appropriately, efficiently, and inexpensively solved without the need of a corporate deposition by Defendant's production of a current balance sheet showing its net worth. Defendant is required to produce it to Plaintiff within 7 days of this order. The Motion to Quash is otherwise granted as to Defendant's financial information.

### Employee Bonus or Incentive Structure

The court previously ordered Defendant to produce the personnel files of, and bonus incentive payments to, the decision makers on Plaintiff's claim. [Dkt. 52]. The decision makers have been deposed and have testified about their understanding, or lack of understanding, about how the bonus or incentive system works and whether individual claims decisions impact the calculation. Plaintiff now seeks corporate testimony about the system generally and how the decision makers' payments were calculated for 2015-2019.

Discovery of bonus or incentive payments is permitted because it may have some circumstantial relevance to show the decision maker may have been motivated by a personal financial incentive in deciding Plaintiff's claim. However, it is not a central issue in the case and the scope of inquiry in this area must be kept proportional to the needs of the case. In light of the discovery already permitted in this area, the court finds that further discovery would not be proportional to the needs of the case. Therefore, further discovery of this area of inquiry is denied.

### **Conclusion**

For the reasons specified herein, Defendant Mid-Century Insurance Company's Motion to Quash Subpoena for Deposition of Corporate Representative, [Dkt. 88], is

GRANTED. Defendant is required to produce a current balance sheet showing its net worth within 7 days of the date of this order.

SO ORDERED this 1st day of October, 2020.

*Frank H. McCarthy*
FRANK H. McCARTHY
UNITED STATES MAGISTRATE JUDGE