**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF OKLAHOMA**

DUSTIN HELLARD, )
)
Plaintiff, )
)
v. ) Case No. 19-CV-00043-GKF-CDL
)
MID CENTURY INSURANCE COMPANY )
d/b/a FARMERS INSURANCE, )
)
Defendant. )

**OPINION AND ORDER**

This matter comes before the court on the Motion to Dismiss His Breach of Contract Claim [Doc. 141] of plaintiff Dustin Hellard. For the reasons set forth below, the motion is conditionally granted.

**Background/Procedural History**

This case relates to an insurance dispute. Mr. Hellard initiated this litigation on January 28, 2019. [Doc. 2]. The Amended Complaint, the operative pleading, includes claims for breach of contract and breach of the implied duty of good faith and fair dealing, and seeks punitive damages. [Doc. 10]. Defendant Mid Century Insurance Company (MCIC) filed a motion to dismiss Mr. Hellard's bad faith tort claim [Doc. 16], which this court denied. [Doc. 36]. On September 16, 2019, the court entered a Scheduling Order setting this matter for the August 17, 2020 trial docket. [Doc. 37].

Thereafter, the parties engaged in discovery, which proved to be contentious. The parties collectively sought intervention of the Magistrate Judge related to discovery disputes on seven separate occasions. [Doc. 25; Doc. 33; Doc. 40; Doc. 55; Doc. 67; Doc. 78; Doc. 88]. These motions were fully briefed, frequently on an expedited basis, and the parties twice appeared before

Magistrate Judge McCarthy. [Doc. 84; Doc. 87]. Further, MCIC objected to Magistrate Judge McCarthy's order denying its motion to compel discovery responses from Mr. Hellard, requiring review by this court. [Doc. 71].

On April 13, 2020, the court entered an Amended Scheduling Order that included the following deadlines, among others:

| | |
|---|---|
| August 31, 2020 | Dispositive and *Daubert* Motions, Motions *in Limine* |
| November 17, 2020 | Deposition Designations |
| November 23, 2020 | Agreed Proposed Pretrial Order |
| November 24, 2020 | Counter-Designations |
| December 1, 2020 | Pretrial Conference/Objections to Deposition Designations |

[Doc. 63].

Consistent with the Amended Scheduling Order, on August 31, 2020, MCIC filed a Motion for Summary Judgment [Doc. 90], a *Daubert* Motion to Exclude the Testimony of Plaintiff's Expert Richard Cary [Doc. 92], and three motions *in limine*. [Doc. 93; Doc. 94; Doc. 95]. Mr. Hellard also filed a motion *in limine* that included eight separate topics. [Doc. 91]. In an Opinion and Order dated November 10, 2020, the court denied MCIC's summary judgment motion. [Doc. 133].

On November 16, 2020, the parties filed pretrial disclosures. [Doc. 136; Doc. 137]. The next day, the parties submitted deposition designations of Dawn Kavanaugh and William Wilson. [Doc. 138; Doc. 139; Doc. 140].

On November 23, 2020, the parties timely submitted a thirty-three (33) page proposed pretrial order. That same day, Mr. Hellard filed the opposed Motion to Dismiss His Breach of Contract Claim. [Doc. 141]. Therein, Mr. Hellard seeks leave to voluntarily dismiss his breach

of contract claim and try only his bad faith claim against MCIC. In support thereof, Mr. Hellard expresses his belief that "such approach will preserve judicial economy by limiting the issues to be tried and shorten trial length by 2-3 days," "simplify the issues for the jury," and direct focus to "the most salient and valuable evidence." [Doc. 141, p. 1]. Mr. Hellard further recognized that, "in this instance [dismissal] would likely be a *de facto* dismissal with prejudice due to rules against claim-splitting." [Doc. 141, p. 3].

MCIC responded in opposition to the motion to dismiss and, therein, requested that, prior to the court's decision, Mr. Hellard "be first required to explicitly identify what witnesses and evidence he believes will no longer be admissible or required." [Doc. 145, p. 4 n.1].[1]

On December 1, 2020, the parties appeared before the court for a Scheduling Conference. [Doc. 148]. Due to the ongoing outbreak of Coronavirus Disease 2019 (COVID-19), the court continued trial of this matter to the March 15, 2021 docket. [Doc. 148]. Also during the conference, the court directed Mr. Hellard to file a reply in support of his motion to dismiss to "specifically explain how dismissal of the breach of contract claim will preserve judicial economy by limiting the issues to be tried and shorten the trial length by 2-3 days, including explicitly identifying what witnesses and evidence will no longer be necessary." [Doc. 149]. The court permitted MCIC to file a sur-reply on or before December 9, 2020. [*Id.*].

In his reply, Mr. Hellard contends that, if the breach of contract claim is dismissed, "the evidence at trial must focus solely on what [MCIC] actually knew and considered" during the period from July 2018 to March 2019, the time in which he contends MCIC was actually evaluating

---

[1] In the week-long period between the filing of the motion to dismiss and MCIC's response, the parties also filed counter deposition designations pursuant to the Amended Scheduling Order. [Doc. 143; Doc. 144]. The same day that MCIC filed its response brief, November 30, the parties filed objections to pretrial disclosures. [Doc. 146; Doc. 147].

his claim. [Doc. 150, p. 4]. To illustrate, Mr. Hellard attaches Exhibit 1, which "reproduced the parties' respective witness and exhibit lists, *sans* objections, from their Pretrial Disclosures . . . and indicates what evidence Plaintiff believes is irrelevant to his bad faith claim, and therefore anticipates being unnecessary at trial if the breach of contract claim is dismissed." [Doc. 150-1]. In the reply, Mr. Hellard also confirms that he requests dismissal of the breach of contract claim **with prejudice**. [Doc. 150, pp. 8, 10].

As permitted by the court, MCIC filed a sur-reply in opposition. [Doc. 152]. Thus, the motion to dismiss is ripe for the court's determination.

**Standard**

Federal Rule of Civil Procedure 41 permits a plaintiff to dismiss a case without a court order by filing either a notice of dismissal before the opposing party serves either an answer or a motion for summary judgment or a stipulation of dismissal signed by all the parties who have appeared. Fed. R. Civ. P. 41(a). In all other cases, "an action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper." Fed. R. Civ. P. 41(a)(2). "The rule is designed primarily to prevent voluntary dismissals which unfairly affect the other side, and to permit the imposition of curative conditions." *Brown v. Baeke*, 413 F.3d 1121, 1123 (10th Cir. 2005) (quoting *Phillips USA, Inc. v. Allflex USA, Inc.*, 77 F.3d 354, 357 (10th Cir. 1996)).

"Dismissal under Rule 41(a)(2) is within the sound discretion of the court." *Clark v. Tansy*, 13 F.3d 1407, 1411 (10th Cir. 1993); *see also Brown*, 413 F.3d at 1123. But "the district court normally should grant such a dismissal," absent "legal prejudice" to the defendant. *Brown*, 413 F.3d at 1123 (quoting *Ohlander v. Larson*, 114 F.3d 1531, 1537 (10th Cir. 1997)). Determining whether an opposing party will suffer "legal prejudice" from a dismissal requires consideration of "practical factors including [1] 'the opposing party's effort and expense in preparing for trial;

[2] excessive delay and lack of diligence on the part of the movant; [3] insufficient explanation of the need for a dismissal; and [4] the present stage of litigation.'" *Id.* at 1124 (quoting *Ohlander*, 114 F.3d at 1537). "These factors are neither exhaustive nor conclusive; the court should be sensitive to other considerations unique to the circumstances of each case." *Id.*

**Analysis**

The court will consider the practical factors identified by the Tenth Circuit in determining whether MCIC will suffer legal prejudice if the court grants Mr. Hellard's motion. Prior to addressing the four practical factors, however, it is first necessary to consider the issue to which the parties devote the majority of the briefing: whether dismissal of the breach of contract claim will render irrelevant and inadmissible all evidence other than that of which MCIC actually knew and considered between July 2018 to March 2019.

Mr. Hellard directs the court to the Oklahoma Supreme Court's statements in *Buzzard v. Farmers Insurance Company*, that "[t]he decisive question is whether the insurer had a 'good faith belief, at the time its performance was requested, that it had justifiable reason for withholding payment under the policy'" and "[t]he knowledge and belief of the insurer during the time period the claim is being reviewed is the focus of a bad-faith claim." 824 P.2d 1105, 1109 (Okla. 1991). Relying on these statements, Mr. Hellard argues that, if the breach of contract claim is dismissed, the trial most focus only on evidence developed during the course of MCIC's claims handling. Thus, evidence such as the testimony of Mr. Hellard's treating physicians, his medical records (including the date requested and received by MCIC), and the MCIC policy itself will necessarily be irrelevant. Given plaintiff's factual allegations in this case, however, his position is not supported by Oklahoma law.

Mr. Hellard premises his bad faith claim, in part, on allegations that MCIC both unreasonably delayed in evaluating, and then unreasonably evaluated, his claim. *See, e.g.,* [Doc. 150, p. 6 (emphasis added) ("But [MCIC] has no explanation for the *undervaluation and delay* of which Plaintiff complains (i.e., that which occurred between July 2, 2018, when performance was requested, and March 27, 2019, when benefits were tendered."); Proposed Pretrial Order, dated November 23, 2020, p. 1 ("Mr. Hellard claims in this lawsuit that . . . Mid Century breached the duty of good faith and fair dealing by acting unreasonably and in bad faith in the handling of his uninsured motorist claim, including by conducting an improper investigation and evaluation of his insurance claim and by looking for ways to avoid paying his claim.")]. Under Oklahoma law, "[MCIC's] actions, in this regard, must be assessed in light of all the facts *known and knowable* concerning the claim at the time [plaintiff] requested [MCIC] to perform its contractual obligations." *Buzzard v. McDanel*, 736 P.2d 157, 159 (Okla. 1987) (emphasis added); *see also Oulds v. Principal Mut. Life Ins. Co*., 6 F.3d 1431, 1439 (10th Cir. 1993) ("Whether an insurer's actions reasonably give rise to an inference of bad faith must be determined 'in light of all facts known or knowable concerning the claim' at the time plaintiff requested the company to perform its contractual obligation."); *Conti v. Republic Underwriters Ins. Co.,* 782 P.2d 1357, 1362 (Okla. 1989); *Sims v. Travelers Ins. Co.,* 16 P.3d 468, 471 (Okla. Civ. App. 2000). Thus, an insured's failure to timely provide, or withholding of, vital information may provide a defense to bad faith. *First Bank of Turley v. Fid. & Dep. Ins. Co. of Md.*, 928 P.2d 298, 308-09 (Okla. 1996); *see also Perry v. Safeco Ins. Co. of Am*., No. 18-CV-539-TCK-FHM, 2020 WL 1180726, at *5 (N.D. Okla. Mar. 11, 2020) (quoting *Garret v. Fairfield Ins. Co*., Case No. 02-367-P, 2003 WL 23274567, at *12 (E.D. Okla. Oct. 22, 2003)) ("[A]n insured's failure to provide information critical to the insurer's consideration of the claim may 'serve as a defense to defeat liability or . . . to reduce

recovery.'"); *Dennis v. Progressive N. Ins. Co.*, No. CIV-17-182-SLP, 2018 WL 3489317, at *3 (W.D. Okla. Apr. 9, 2018) (discussing motion *in limine* directed to relevant time frame for assessing bad faith).

MCIC has offered evidence that it repeatedly informed Mr. Hellard that additional information was necessary to evaluate his claim. *See, e.g.,* [Doc. 90-20, p. 2 (letter of August 16, 2018); Doc. 90-21, p. 1 (letter of February 6, 2018); Doc. 90-23 (letter of May 24, 2018); Doc. 90-29 (letters of December 7, 2018 and January 15, 2019)] The requested information included Mr. Hellard's medical records, copies of discovery conducted in litigation filed by Mr. Hellard against Tulsa Public Schools, and Mr. Hellard's examination under oath. [*Id.*]; *see also* [Doc. 90-30 (correspondence of January 29, 2019 from attorney Greg Givens to plaintiff's counsel stating, "Claims representative, Dawn Kavanaugh, advised me she does not have all the information needed to complete her evaluation but she has sufficient information at this time to make an uninsured motorist offer and tender of benefits.")].[2] Mr. Hellard's proposal to "streamline" trial of this matter would render all of the information requested by MCIC that was either belatedly or never received wholly inadmissible. However, such evidence is relevant to MCIC's defense that Mr. Hellard delayed or withheld pertinent information. *See* [Doc. 38; Proposed Pretrial Order, dated November 23, 2020]. "To show that Plaintiff failed to provide available information and that Defendant was prejudiced by the failure, Defendant will need to introduce information and

---

[2] For this reason, *Buzzard v. Farmers Insurance Company* and *Newport v. USAA*, 11 P.3d 190 (Okla. 2000), the two cases on which Mr. Hellard primarily relies, are distinguishable. In both of those cases, the insurer sought to introduce evidence of defenses that were neither internally noted nor communicated to the claimants during the claims handling process. *Buzzard*, 824 P.2d at 1109; *Newport,* 11 P.3d at 199-200 (noting "there [was] no indication" in claim file that insurer questioned causation of claimant's injuries prior to pretrial conference in litigation related to claim).

documents that it subsequently obtained from Plaintiff or others." *Charles A. Shadid, L.L.C. v. Aspen Specialty Ins. Co*., No. CIV-15-595-D, 2018 WL 3420816, at **1-2 (W.D. Okla. July 13, 2018). Thus, even if the court permits Mr. Hellard to dismiss his breach of contract claim, it will not result in the categorical exclusion of the identified evidence.

Mr. Hellard also premises his bad faith claim on the assertion that MCIC conducted an unreasonable investigation. [Proposed Pretrial Order, dated November 23, 2020, p. 1]. The Tenth Circuit has recognized that "[a]lthough the evaluation centers on the time of denial, the entire course of conduct between the parties is relevant to the question whether the insurer acted in good faith." *Willis v. Midland Risk Ins. Co*., 42 F.3d 607, 613 (10th Cir. 1994); *see also Timmons v. Royal Globe Ins. Co.,* 653 P.2d 907, 917 (Okla. 1982) ("The essence of the cause before the Court is failure to deal fairly and in good faith with an insured and as such, the jury may be shown the entire course of conduct between the parties to arrive at a determination of whether that standard had been breached or not."). Thus, MCIC's conduct over the entire course of its investigation of Mr. Hellard's claim is relevant, including MCIC's conduct prior to July 2, 2018. For this additional reason, dismissal of Mr. Hellard's breach of contract claim would not result in the wholesale preclusion of evidence of the parties' conduct prior to the July 2018 to March 2019 time period as urged by plaintiff.

It is well-established under Oklahoma law that an insured owes an insurer a reciprocal "obligation to cooperate with the insurer, which is both contractual and implied in law." *First Bank of Turley*, 928 P.2d at 304 (internal footnotes omitted). An insured (or their counsel) cannot play hide-the-ball during the claims-handling process and subsequently utilize a court's procedural processes to keep those facts from the jury. Dismissal of the breach of contract claim will not

result in the broad exclusion of evidence proposed by plaintiff and the court declines to adopt Exhibit 1, attached to Mr. Hellard's reply in support of his motion to dismiss.

With these principles in mind, the court turns to the practical factors articulated by the Tenth Circuit to determine whether MCIC will suffer legal prejudice if the court grants Mr. Hellard's motion to dismiss.

First, with respect to the opposing party's effort and expense in preparing for trial, the procedural history of this case provides significant evidence of efforts expended defending the suit. As previously stated, the parties engaged in extensive discovery and frequently required court intervention to resolve discovery disputes. Additionally, MCIC filed a motion for summary judgment, *Daubert* motion, and three motions *in limine*, prepared its pretrial disclosures, deposition designations, and assisted in the drafting of a proposed pretrial order—all under the impression that Mr. Hellard would proceed with his breach of contract claim. However, the court observes that, pursuant to the guidelines contained herein, most, if not all, of that work can be utilized in defending the bad faith cause of action. Thus, this factor weighs in favor of dismissal.

With regard to the second factor, excessive delay and lack of diligence on the part of the movant, the procedural history of this matter demonstrates that Mr. Hellard has fully participated in this litigation and diligently pursued his claims. Insofar as MCIC contends that Mr. Hellard unduly delayed seeking dismissal of the breach of contract claim, Mr. Hellard filed the motion to dismiss less than two weeks after the court issued its Opinion and Order denying MCIC's motion for summary judgment. *Cf.* [Doc. 133] *with* [Doc. 141]. It was not unreasonable for Mr. Hellard to await the court's ruling on the motion to determine the procedural posture of the case moving forward before making strategic decisions related to trial. Moreover, regardless of the delay, as set forth herein, MCIC is unlikely to suffer prejudice as dismissal will not result in the wholesale

exclusion of the evidence identified by Mr. Hellard. Thus, this factor weighs slightly in plaintiff's favor.

The third factor requires the court to consider the sufficiency of Mr. Hellard's explanation of the need for a dismissal. As previously stated, Mr. Hellard asserts dismissal is required in order to "preserve judicial economy by limiting the issues to be tried and shorten trial length by 2-3 days," "simplify the issues for the jury," and direct focus to "the most salient and valuable evidence." [Doc. 141, p. 1]. While dismissal will not limit the evidence in the manner proposed by Mr. Hellard, it will simplify the issues for the jury insofar as the jury will need to consider only one claim and fewer jury instructions. Thus, this factor weighs slightly in plaintiff's favor.

As for the fourth factor, the present state of the litigation, trial in this matter is not scheduled to begin for forty (40) days. Moreover, the court notes that Mr. Hellard seeks dismissal of his breach of contract claim *with* prejudice. Thus, MCIC will be protected from any further litigation on the insurance contract related to Mr. Hellard's claim. The Tenth Circuit has recognized "[i]n most cases, the normal analysis will result in the district court granting the plaintiff's motion to dismiss with prejudice." *Cnty. of Santa Fe v. Pub. Serv. Co. of N.M.*, 311 F.3d 1031, 1049 (10th Cir. 2002). Thus, this factor weighs in plaintiff's favor.

Upon consideration of the totality of the circumstances presented in this case, and subject to the guidelines set forth herein, the court finds that dismissal of Mr. Hellard's breach of contract claim with prejudice would not result in legal prejudice to MCIC and would be just and proper.

## IV. Conclusion

WHEREFORE, plaintiff Dustin Hellard's Motion to Dismiss His Breach of Contract Claim [Doc. 141] is conditionally granted subject to the guidelines set forth herein. Mr. Hellard may dismiss his breach of contract claim **with prejudice.**

Mr. Hellard shall file his dismissal with prejudice no later than **Friday, February 5, 2021 at 5:00 p.m**. In the event a dismissal with prejudice is not filed, this case shall proceed to jury trial on both claims.

DATED this 3rd day of February, 2021.

GREGORY K. FRIZZELL
UNITED STATES DISTRICT JUDGE